[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Debra M. Mihalec, age 41, whose maiden name was Debra Millard and the defendant, Samuel B. Mihalec, age 55, were married at Danbury, Connecticut on September 22, 1998. There are three minor children issues of the marriage, Linda Jayne Mihalec, born August 17, 1982, Robert James Mihalec, born October 3, 1984, and John Michael Mihalec, born April 17, 1989.
Until three years ago, the marriage was relatively stable. Problems were due to long working hours of the husband who worked up to seventy hours a week. The parties three children all have had learning disabilities requiring special attention which responsibility has fallen upon the plaintiff. The defendant became emotionally upset and somewhat physical but not towards his wife. The parties argued especially about money. The defendant claims that his wife began to date other men although there is no evidence of an affair. The parties separated in January 1997 and although the husband would like to preserve the marriage, it is clear that it is irretrievably broken down. The court does not assign any particular fault for the breakdown to either party. CT Page 6344
The plaintiff established a relationship with Mr. Jerry McKenzie commencing in June 1997 after the separation of the parties. He is now living with her but that relationship is not the cause of the breakdown.
The defendant works at Silican Valley Group earning $675.00 per week with a net of $512.00 per week. The plaintiff is employed with the New Milford Board of Education as a part time teacher's aid and part-time coach. She earns $273.00 per week with a net of $252.00 per week. She also receives $4,800.00 per year as a coach.
The parties own a home located at 2 Rich-Conn Drive in New Milford valued at between $150,000.00 to $170,000.00. It is encumbered by two mortgages totaling $70,000.00. The parties have no other appreciable assets.
The plaintiff has credit card debts of $46,000.00 and the defendant debts of $22,277.00 plus bank loans. It is apparent that the parties financial situation is desperate even without taking into account the income the liability of Mr. Mihalec who has not filed for 1996 or 1997. Based upon the evidence and the provisions of Connecticut General Statute § 46b-81, the court finds that the marriage is irretrievably broken down and that the following orders should enter:
1. A decree of dissolution based upon irretrievable breakdown.
2. The parties shall have joint custody of the two minor children with the primary residence to be with the plaintiff. The defendant shall have reasonable, liberal and flexible rights of visitation as mutually agreed to between the parties.
3. The defendant shall pay child support in the amount of $230.00 per week.
4. The defendant shall continue to provide medical insurance for the benefit of the minor children so long as it is available to him through his employment. In addition, the parties shall equally share the cost of unreimbursed medical, dental, orthodontic, optical, surgical, hospital, psychiatric, psychological, nursing care and prescriptive drug expenses for the minor children. No orthodontic, psychiatric, psychological or elective surgery shall be incurred without the prior consent of CT Page 6345 both parties, which consent shall not be unreasonably withheld.
5. The defendant shall cooperate in the conversion of the medical insurance for the plaintiff under the Consolidated Omnibus Budget Act.
6. Life Insurance: The defendant shall name the plaintiff as Trustee for the minor children for whatever life insurance is available to him as an incident of his employment.
7. The marital residence shall immediately be listed for sale. After the payment of the first and second mortgages, any real estate taxes, broker's fees, tax conveyance and any other reasonable and customary closing costs, the debts as shown on the Plaintiff's financial affidavit, with the exception of the debt to Dale Curtis, shall be paid. The balance of the proceeds shall be divided fifty (50%) percent to the plaintiff and fifty (50%) percent to the defendant.
8. Payment of debts: The debts shall be paid as outlined above. With the exception of said debts, each of the parties shall be responsible for their respective debts.
9. Tax exemptions: The plaintiff shall have the tax exemption for the minor child John Michael Mihalec, and the defendant shall have the tax exemption for the minor child Linda Jayne Mihalec and Robert James Mihalec.
Judgment may enter accordingly.
BY THE COURT
HON. WALTER M. PICKETT, JR., J. JUDGE TRIAL REFEREE